UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMADOU DIABATE, | Case No. 18-CV-0569 (JNE/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MINNEAPOLIS PUBLIC HOUSING AUTHORITY and SECURITAS, | |
| Defendants. | |

Plaintiff Amadou Diabate alleges that defendants Minneapolis Public Housing Authority and Securitas have failed to maintain adequate safety and living conditions at his place of residence. Because the Court lacks subject-matter jurisdiction over the complaint, it is recommended that this matter be dismissed without prejudice.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991).

Diabate does not adequately allege the basis for the Court's subject-matter jurisdiction over these proceedings. Although Diabate contends that a federal question is presented by this litigation, *see* Compl. at 9 [ECF No. 1], he does not seek relief pursuant to "the Constitution, laws, or treaties of the United States," as required for jurisdiction under 28 U.S.C. § 1331. Instead, Diabate's claims against the Minneapolis Public Housing Authority and Securitas arise

1

entirely under state law.[1]  Further, Diabate does not allege that the parties are of diverse citizenship, *see id*., and by all indications the parties each appear to be citizens of Minnesota.  Accordingly, 28 U.S.C. § 1332(a) cannot provide a basis for subject-matter jurisdiction over this lawsuit, either.  And no other ground for jurisdiction is apparent from the face of the complaint.  This lawsuit belongs in state court, not federal court.

Without subject-matter jurisdiction, the Court cannot proceed to the merits of this litigation.  It is therefore recommended that this matter be dismissed without prejudice.[2]

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Amadou Diabate [ECF No. 2] be DENIED AS MOOT.

Dated: March 16, 2018                                          s/ *Steven E. Rau*
                                                               Steven E. Rau
                                                               U.S. Magistrate Judge

---

[1] Diabate does allege that he is disabled, but he does not maintain that the defendants discriminated against him on the basis of his disability or that the condition of the residence caused him to be unable to access the building, such that Diabate might be attempting to seek relief under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  Rather, Diabate alleges more generally that the building maintained and secured by defendants was unsafe as to *all* residents, not just him or other disabled residents.  In any event, Diabate has not referenced the ADA or otherwise suggested that he intends to bring claims pursuant to that statute.

[2] Diabate has once before brought a nearly identical lawsuit against the Minneapolis Public Housing Agency.  That matter was also dismissed for lack of subject-matter jurisdiction.  *See Diabate v. Minneapolis Public Housing Auth.*, No. 14-CV-3431 (ADM/FLN) (D. Minn. dismissed Oct. 6, 2014).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).